IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN BYRNES, III, | No. CIV S-05-1169-MCE-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| FOLSOM STATE PRISON WARDEN, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's motion for a "stay and abeyance" order (Doc. 8), filed on July 1, 2005. Respondent has filed an opposition (Doc. 15), and petitioner has filed a reply (Doc. 18).

Petitioner's original petition, filed on June 13, 2005, raises six claims, all of which respondent concedes are exhausted. In an amended petition filed on August 23, 2005, petitioner raises two additional claims, which all agree are unexhausted. Petitioner seeks a "stay and abeyance" order pending exhaustion of these two new claims. Respondent opposes based, among other things, on petitioner's failure to establish good cause for issuance of a "stay and

1

abeyance" order. The court agrees that good cause has not been demonstrated.

As a threshold condition for this court to exercise its discretion to issue a "stay and abeyance" order, petitioner must demonstrate good cause for failing to exhaust his claims before raising them in this case. See Rhines v. Weber, 125 S.Ct. 1528, 1534-35 (2005). Here, the unexhausted claims are: (1) the trial court abused its discretion at sentencing; and (2) the trial court committed error under Blakely v. Washington, 542 U.S. 296 (2004). Because both of these claims relate to sentencing, petitioner could have discovered these claims though due diligence. In particular, the court notes that petitioner's "stay and abeyance" motion does not assert that these claims could not have been discovered earlier. Instead, the sole apparent basis for petitioner's motion is his misconception that the relief requested is available where the petitioner is proceeding pro se, as he is here. Because petitioner has not demonstrated good cause for failing to exhaust state remedies as to his two new claims, the motion for a "stay and abeyance" order should be denied.[1]

Because the operative pleading – the amended petition filed on August 23, 2005 – contains both exhausted and unexhausted claims, it must be dismissed. Such a dismissal would be without prejudice to filing a new petition in this court after all his claims have been exhausted. However, in the interest of preserving the earliest filing date in this case, the court will allow petitioner to proceed on his initial June 13, 2005, petition, if he so desires. If petitioner indicates such a desire to the court, the court will strike the amended petition so that this action can proceed on the initial petition, which raises only exhausted claims. Because this case cannot proceed any further until petitioner indicates how he wants to proceed, and in the interest of managing the court's docket, petitioner will be required to indicate his intention within a time certain. If petitioner fails to notify the court of his intention within the time

---

[1] The court expresses no opinion as to respondent's argument that a "stay and abeyance" order is also not appropriate because petitioner's new claims are untimely under the AEDPA.

2

provided in this order, the court will issue findings and recommendations that this case be dismissed in its entirety as unexhausted.

    Accordingly, IT IS HEREBY ORDERED that:

    1. Petitioner's motion for a "stay and abeyance" order (Doc. 8) is denied; and

    2. Within 30 days of the date of service of this order, petitioner shall inform the court, in writing, whether he desires to proceed on the original petition, filed on June 13, 2005.

DATED: December 4, 2005.

                 /s/ Craig M. Kellison
                 **CRAIG M. KELLISON**
                 UNITED STATES MAGISTRATE JUDGE