1
2
3
4
5
6
7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   EDWIN BYRNES, III,                         No. CIV S-05-1169-MCE-CMK-P

12            Petitioner,

13      vs.                                     <u>ORDER</u>

14   FOLSOM STATE PRISON
     WARDEN,
15
              Respondent.
16
                                          /
17

18              Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

19   habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court are petitioner's motion for

20   correction of the lodged record (Doc. 34) and respondent's motion for leave to file an amended

21   answer (Doc. 43).  The merits of petitioner's petition, filed on June 13, 2005, will be addressed

22   separately.

23              In his motion regarding the lodged record, petitioner asserts that respondent erred

24   in submitting post-conviction briefs and orders with the lodged record instead of as exhibits to

25   the answer.  Whether as lodged documents or as exhibits, the court will still be able to review the

26   entire record in this case.  Therefore, no correction is needed and petitioner's motion will be

                                              1

denied.

Respondent seeks leave to amend his answer to the petition to include the affirmative defense that the petition was filed beyond the one-year statute of limitations imposed by 28 U.S.C. § 2244(d). Petitioner opposes respondent's request, in part, because he does not agree with respondent that the petition is untimely. Petitioner also asserts that respondent has not shown good cause.

Where leave of court to amend is sought, the court considers the following factors: (1) whether there is a reasonable relationship between the original and amended pleadings; (2) whether the grant of leave to amend is in the interest of judicial economy and will promote the speedy resolution of the entire controversy; (3) whether there was a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay a trial on the merits of the original claim; and (5) whether the opposing party will be prejudiced by amendment. See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990). Leave to amend should be denied where the proposed amendment is frivolous. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). Considering these factors, the court finds that there is a clear relationship between the answer on file and the proposed amended answer. The court also finds that granting leave to amend to include a statute of limitations defense is in the interests of judicial economy and speedy resolution of the entire action and that the proposed amendment would not delay a merits adjudication of this case. While the petitioner would certainly be prejudiced by the added statute of limitations defense if it is true that his petition is untimely, the court concludes that, on balance, the factors support granting leave to amend the answer. The court will grant petitioner an opportunity to file a supplemental traverse responding to the statute of limitations defense.

/ / /

/ / /

/ / /

1     As to whether there was delay in seeking amendment, the court notes that
respondent filed his original answer on March 16, 2006.  Respondent filed the instant motion for
leave to amend, and submitted a proposed amended answer, on June 13, 2006 – only three
months later.  This is not an unreasonable delay.

    Accordingly, IT IS HEREBY ORDERED that:

    1.    Petitioner's motion to correct the lodged record (Doc. 34) is denied;

    2.    Respondent's motion for leave to amend the answer (Doc. 43) is granted;

    3.    The proposed amended answer, submitted on June 13, 2006, has been filed; and

    4.    Petitioner may file a supplemental traverse addressing the statute of limitations defense within 30 days of the date of this order, whereupon this case shall stand submitted.

DATED:  September 6, 2006.

　　　　　　　　　　　　　　　　　　　　　　　／s／ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE