IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN BYRNES, III, | No. CIV S-05-1169-MCE-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| FOLSOM STATE PRISON WARDEN, | |
| Respondent. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's petition for a writ of habeas corpus (Doc. 1), filed on June 9, 2005,[1] and respondent's amended answer (Doc.

/ / /

---

[1] The petition was actually file-stamped by the Clerk of the Court on June 13, 2005. However, the court gives petitioner the benefit of the "mailbox rule" and accepts this earlier date as the filing date. See Houston v. Lack, 487 U.S. 266 (1988) (holding that the filing date for documents filed by prisoners is the date the document was delivered to prison officials for mailing to the court). Respondent agrees that June 9, 2005, is the appropriate filing date.
Throughout these findings and recommendations, the court gives petitioner the benefit of the mailbox rule for all filing dates.

1

44), filed on June 13, 2006.[2]  Petitioner filed a traverse (Doc. 45) on June 22, 2006, and a supplemental traverse (Doc. 50) on September 29, 2006.

## I. BACKGROUND

Petitioner was convicted of vehicle theft, eluding a police officer's vehicle in an unsafe manner, and unlawful possession of methamphetamine.  At the conclusion of a bifurcated trial, the jury found true the following enhancements: (1) petitioner committed the offenses while on parole; (2) petitioner had been convicted of a prior serious felony; and (3) petitioner served a prison term for a prior conviction.  Petitioner was sentenced to 13 years and 8 months in state prison.  Petitioner's conviction and sentence were affirmed on direct appeal in a decision issued on April 18, 2002.  The California Supreme Court denied review on July 10, 2002.

Petitioner filed three state habeas corpus petitions.  First, petitioner filed a petition in the Sacramento County Superior Court on June 16, 2003.  That petition was denied on the merits on July 17, 2003.  Next, petitioner filed a petition in the California Court of Appeal on October 14, 2003.  That petition was denied without comment or citation on October 30, 2003. Finally, petitioner filed a petition in the California Supreme Court on March 20, 2004.  The third petition was denied without comment or citation on February 16, 2005.

## II. DISCUSSION

Respondent asserts as an affirmative defense that the instant petition should be dismissed because the claims are barred by the statute of limitations.  The court agrees.  Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made

---

[2]  Respondent originally answered the petition on March 16, 2006.  Respondent was subsequently granted leave to file an amended answer raising a statute of limitations defense.

retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review. See 28 U.S.C. § 2244(d)(1). The one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the U.S. Supreme Court. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court. See 28 U.S.C. § 2244(d)(2). To be "properly filed," the application must be authorized by, and in compliance with, state law. See Artuz v. Bennett, 531 U.S. 4 (2000). Imposition of a state procedural bar, however, does not necessarily render the application improperly filed. See id. at 9. For example, California's rule governing the timeliness of bringing an application for post-conviction relief is subject to numerous exceptions. See In re Clark, 5 Cal.4th 750 (1993). Because the state court would be required to examine the merits of a petition before deciding whether an exception applies, it should be considered by the federal court to have been properly filed, even if untimely. See Dictado v. Ducharme, 244 F.3d 724, 728 (9th Cir. 2001). A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time. See Carey v. Saffold, 536 U.S. 214 (2002). If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay. See id. at 226-27.

/ / /

/ / /

/ / /

There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review. See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001). There is also no tolling for the period between different sets of post-conviction applications. See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003). Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period. See Nino, 1983 F.3d at 1006-07.

In this case, the California Supreme Court denied review on July 10, 2002. The 90-day period to seek review by the United State Supreme Court expired on October 8, 2002. Therefore, the one-year limitation period began to run the following day – October 9, 2002. It continued to run the entire 250 days between this date and June 16, 2003 – the date he filed his first state habeas petition. See id. As to the first and second state habeas petitions, respondent concedes that petitioner is entitled to tolling for the periods they were pending in state court.

Respondent does, however, argue that petitioner is not entitled to tolling for the following time periods: (1) the 88 days between the denial of the first petition and filing of the second petition; and (2) the 141 days between the denial of the second petition and filing of the third petition.[3] Respondent relies on Carey and the Supreme Court's recent decision in Evans v. Chavis, 126 S.Ct. 846 (2006). As to unreasonable delay, the Court in Evans stated that six months was too long. See id. at 854. The Court also noted that most states provide for 30 to 60 days to seek appellate review. See id. The Court did not, however, comment on what period shorter than six months would constitute unreasonable delay. Respondent argues that any delay greater than 60 days is unreasonable.

///

///

---

[3] In his supplemental traverse, petitioner accepts that these are the correct time periods.

In response, petitioner essentially argues that, because each state court accepted his petitions, and because none were denied as untimely, he did not unreasonably delay. In addition, as to the 88 day period between the denial of the first petition and filing of the second, petitioner states that he had been transferred from one prison to another on July 22, 2003, and was without his legal materials for 45 to 50 days. Because petitioner was without his legal materials for most of the 88-day period at issue, the court finds that this was not an unreasonable delay.

As to the 141 day period between the denial of the second petition and the filing of the third, petitioner points the court to a letter he submitted to the California Supreme Court on March 20, 2004, with his third petition, explaining the delay. In that letter petitioner states:

> I wish to File this Petition for Writ of Habeas Corpus in your Honorable Court. It has been a rough road. I have been waiting for a typewriter that I ordered back in October of 2003 . . . . The typewriter is necessary because Petitioner has poor penmanship which grows worse during extended writing. Waiting for the Typewriter which has not arrived to date has been the cause for my delay, and is beyond the control of Petitioner. I also am a Pro Per Petitioner, and am preparing this Petition without the benefit of assistance from Counsel.

With respect to this excuse, documents attached to petitioner's supplemental traverse indicate that, on December 31, 2003, he was informed that the typewriter was out of stock. Petitioner was then notified on January 30, 2004, that his shipment would be delayed until February 13, 2004. A review of petitioner's state court habeas petitions reveals that they are all largely type-written, with some hand-written additions to subsequent petitions.[4] They also show that, where petitioner has written something by hand, his writing is of good quality and is legible. Given these facts, the court concludes that it was unreasonable for petitioner to wait as long as he did for the typewriter. He could have prepared and filed the third petition without a typewriter – as he ultimately did – much sooner than March 20, 2004. In fact, he was able to file his second

---

[4] In fact, it appears that the second and third petitions were prepared from photocopies of the first petition.

5

petition 88 days after his first petition was denied even though he did not have his legal materials for much of this that time.

As discussed above, the one-year limitation period began to run on October 9, 2002, and continued for the 250 days to June 16, 2003, when petitioner filed his first state court habeas petition. Therefore, as of the latter date, petitioner had 115 days left within which to file his federal petition. Respondent concedes that petitioner is entitled to tolling for the time the first petition was pending. The court concludes that petitioner is entitled to tolling for the 88 days between the date the first petition was denied and the second petition was filed. Respondent also concedes that petitioner is entitled to tolling for the time the second petition was pending. The court, however, concludes that petitioner is not entitled to tolling for the 141 days between the denial of the second petition and filing of the third petition because the delay was unreasonable in light of the facts recited by petitioner.[5] Because petitioner is not entitled to tolling for this time, the 115 days he had left within which to file a federal petition necessarily expired in February 2004 – before the third state court petition was filed. The instant petition, filed on June 9, 2005, is, therefore, untimely and must be dismissed.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1.    Petitioner's petition for a writ of habeas corpus (Doc. 1) be dismissed as untimely;

2.    All pending motions be denied as moot; and

3.    The Clerk of the Court be directed to enter judgment and close this file.

---

[5] The court notes that this is the controlling finding. If the statute of limitations is tolled for the 141 days between the second and third state court petitions, he would be entitled to tolling for the time the third petition was pending. Therefore, petitioner would still have had 115 days to file his federal petition as of February 16, 2005 – the date the California Supreme Court denied the third petition. The time interval between February 16, 2005, and June 9, 2005 – the date the instant petition is considered filed under the mailbox rule – is 113 days.

1  These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days
3  after being served with these findings and recommendations, any party may file written
4  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
5  Findings and Recommendations."  Failure to file objections within the specified time may waive
6  the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

8  DATED:  October 19, 2006.

   **CRAIG M. KELLISON**
   UNITED STATES MAGISTRATE JUDGE